1  CARROLL, KELLY, TROTTER &
   FRANZEN
2  MICHAEL J. TROTTER (SBN 139034)
   mjtrotter@cktfmlaw.com
3  STEVEN WYSOCKY (SBN 271257)
   111 W. Ocean Blvd., 14ᵗʰ Fl.
4  P.O. Box 22636
   Long Beach, CA  90801-5636
5  Phone: (562) 432-5855

6  Attorneys for Plaintiff DONALD HALL,
   individually and on behalf of the general
7  public and all others similarly situated

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DONALD HALL, individually and          Case No.:
    on behalf of the general public and
12  all others similarly situated,          **CLASS ACTION COMPLAINT FOR**

13              Plaintiff,                   **1.  Breach of Contract;**

14        v.                                 **2.  Breach of Express Warranties;**

15  FIAT CHRYSLER AMERICA US               **3.  Civil RICO: 18 U.S.C. § 1962(c)**
    LLC aka FCA US LLC, formerly
16  known as CHRYSLER GROUP                **4.  Violation of California Unfair
    LLC, and DOES 1-10, inclusive,              Competition Law**
17
              Defendants.                   **DEMAND FOR JURY TRIAL**
18

19        Plaintiff Donald Hall ("Plaintiff"), on behalf of himself, the general public, and
20  all others similarly situated, alleges:
21                              **JURISDICTION**
22        1.      This Court has diversity jurisdiction over this class action pursuant to
23  28 U.S.C. section 1332 as amended by the Class Action Fairness Act of 2005 because
24  there are 100 or more class members, the amount in controversy exceeds five million
25  dollars ($5,000,000.00), exclusive of interest and costs, and some members of the
26  class, including Plaintiff, are citizens of different states than the Defendant.  (28
27  U.S.C. § 1332(d)(2)(A).)
28

1

2.     Jurisdiction also exists because this civil action includes a claim for

2

relief arising under the laws of the United States described as the Racketeer

3

Influenced and Corrupt Organizations Act ("RICO") and accordingly, jurisdiction

4

exists pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c).

5

## STATEMENT OF THE CASE

6

3.     This complaint arises out of defendant Fiat Chrysler American US

7

LLC's ("Fiat's") implementation of a corporate policy designed to eliminate Fiat's

8

liability on lifetime vehicle warranties and lifetime service contracts on vehicles sold

9

by Fiat's predecessor, Chrysler LLC, from 2006 through 2009.

10

4.     The warranties which Fiat has eliminated are the "Lifetime Powertrain

11

Warranty" Chrysler issued with the purchase of every new Chrysler vehicle which

12

promised the repair and replacement of all powertrain components, such as the engine

13

and transmission, for the lifetime of the vehicle so long as the vehicle is owned by

14

the initial purchaser. (Ex. A.)

15

5.     The lifetime service contracts which Fiat has eliminated were purchased

16

separately by vehicle owners at an added cost and promised the repair and

17

replacement of parts which were not part of the powertrain warranty such as air

18

conditioning, suspension, steering, brakes, electrical and instrumentation for the

19

lifetime of the vehicle so long as the vehicle is owned by the initial purchaser. (Ex.

20

B.)

21

6.     Chrysler filed bankruptcy in 2009 and Chrysler's assets were sold free

22

and clear of all liabilities, except for "Assumed Liabilities," to a group now known

23

as Fiat Chrysler America US LLC aka FCA US LLC ("Fiat").

24

7.     The "Assumed Liabilities" were the lifetime warranties and service

25

contracts issued by Chrysler prior to bankruptcy which Fiat agreed to assume as part

26

of the sale approved by the bankruptcy court.

27

8.     Fiat's assumption of liabilities meant that Fiat was required to pay for

28

all labor and parts to repair or replace every powertrain component on every vehicle

- 2 -

1
2
3

sold by Chrysler nationwide for the lifetime of the vehicle and if the vehicle was covered by a service contract, Fiat was required to pay for all labor and parts to repair or replace additional and extensive components for the lifetime of the vehicle.

4
5
6
7
8

9. At a point in time after the bankruptcy closing date on June 10, 2009, Fiat decided that the losses Fiat was incurring to honor the lifetime powertrain warranties and lifetime service contracts were unacceptable and Fiat designed and implemented a three-step plan to eliminate the lifetime powertrain warranties and service contracts Fiat had agreed to assume.

9

*Step One: Fiat's Elimination of the Lifetime Powertrain Warranty.*

10
11

10. Fiat's plan to eliminate the lifetime powertrain warranty is based upon a 5-year inspection requirement in the warranty which states:

12
13
14
15
16
17
18
19
20

"In order to maintain the Lifetime Powertrain Limited Warranty, the person or entity covered by this Powertrain Limited Warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every 5 years. This inspection will be performed at no charge. *The inspection must be made within sixty (60) days of each 5 year anniversary of the in-service date of the vehicle.* You must have the inspection performed to continue this coverage."

21

(Ex. A, p. 12, italics added.)

22
23

11. Using this provision, Fiat terminates the lifetime powertrain warranty if the 5-year inspection is not performed within a 60-day window every five years.

24
25
26
27
28

12. However, the 5-year inspection requirement is a subterfuge because the warranty instructs the vehicle owner to follow the instructions in the owner's manual to "properly maintain and operate your new vehicle" and there is no requirement in the owner's manual to obtain a five-year inspection of the powertrain within a 60-day window or at any other time irrespective of any window.

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Step Two: Fiat's Elimination of the Lifetime Service Contract.*

13.     When Fiat terminates the lifetime powertrain warranty, Fiat also automatically terminates the owner's lifetime service contract based on the owners' failure to satisfy the 5-year inspection in the powertrain warranty. However, Fiat's cancellation of the service contract on this basis is again, a subterfuge.    The warranties and service contracts are separate contracts.    The service contract specifically states that "[t]his Plan is not part of the vehicles' factory warranty." Further, neither the service contract nor the warranty include any inspection requirement applicable to the service contract.

*Step Three: Fiat Applies a Non-Existent Wear and Tear Exclusion.*

14.     If Fiat is unable to automatically cancel the lifetime service contract, Fiat eliminates its service contract liability by applying a wear and tear exclusion to covered parts even though there is no wear and tear exclusion in the service contract and the service contract promises the repair and replacement of covered parts for the lifetime of the vehicle. (Ex. B, pp. 1-5.) Although Fiat did not apply a wear and tear exclusion to Plaintiff's repairs, Fiat's implementation of a wear and tear exclusion is part of Fiat's scheme and if this Court enjoins Fiat from cancelling service contracts, Fiat will simply apply the wear and tear exclusion and accomplish indirectly what it could not accomplish directly.

**FACTUAL BACKGROUND**

15.     Plaintiff is the initial purchaser and current owner of a 2008 Jeep Liberty which included, as part of the purchase, a lifetime limited powertrain warranty and a lifetime service contract which Plaintiff purchased separately.

16.     In July of 2020, Plaintiff brought the vehicle to a Chrysler dealership to repair the air conditioner. After the repair was completed, the dealership service manager, Tom Bonnstetter, informed Plaintiff that the repair would have been covered by the service contract but the service contract had been terminated by Fiat because the vehicle had not been inspected according to the 5-year inspection

- 4 -

1

2

3

4

requirement in the powertrain warranty. Because Fiat terminated the service contract, Plaintiff paid the dealership $852.41 for the repair. At that time, the dealership also informed Plaintiff that Fiat was also now applying a wear and tear exclusion to parts otherwise covered by the lifetime service contract.

5

6

7

8

9

10

17. The dealership service manager, Tom Bonnstetter, also informed Plaintiff that the dealership would contact Fiat on Plaintiff's behalf to contest Fiat's refusal to pay and in response, Fiat informed the dealership that Fiat would not pay for the repair pursuant to Fiat's policy to cancel service contracts concurrently with the cancellation of the powertrain warranties based upon the failure to comply with the five-year, 60-day window inspection requirement.

11

12

13

14

18. On or about September 24, 2020, Plaintiff also called Fiat's customer service department and was informed that his warranty and service contract were void pursuant to Fiat's policy to cancel the warranty and service contract based on an owner's failure to obtain the five-year inspection.

15

16

17

18

19

20

19. In October of 2020, Plaintiff's vehicle required transmission repairs which would have been covered under the powertrain warranty. (Ex. A, p. 11.) The repairs included a "Drive: Fan, Flexplate Torque Converter D, Bolt: Hex Head, Bolt: Hex Head Lock, and Flex Plate." The parts and labor for the repair was $1,922.24 which Plaintiff was required to pay because Fiat cancelled Plaintiff's powertrain warranty.

21

22

20. A true and correct copy of Plaintiff's warranty which GTC obtained for Plaintiff is attached and incorporated herein as Exhibit A.

23

24

21. A true and correct copy of Plaintiff's lifetime service contract which GTC obtained for Plaintiff is attached and incorporated herein as Exhibit B.

25

**PARTIES**

26

27

22. Plaintiff is an individual who currently resides in the County of Orange, State of California.

28

- 5 -

1

2

3

23. Fiat America US LLC a/k/a Fiat US LLC is registered in Delaware, headquartered in Auburn Hills, Michigan, does business in California and nationwide and maintains a regional headquarters office in Newport Beach, California.

4

5

6

7

8

9

24. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10

11

12

13

14

25. At all relevant times, each and every Defendant was acting as an agent, co-venturer, co-conspirator, partner or facilitator of the other Defendants and was acting within the course and/or scope of said relationship with the knowledge or consent of each of the Defendants. The acts and/or omissions herein alleged were known to, or ratified by, each of the other Defendants.

15

## PERSONAL JURISDICTION AND VENUE

16

17

18

26. This Court has personal jurisdiction over Fiat because Fiat currently does business in California and its principal California office and regional headquarters is located in the City of Newport Beach in Orange County, California.

19

20

21

22

23

24

27. Fiat purposefully avails itself of the right to do business in California, and specifically designs its vehicles to meet the standards of the California Air Resource Board (CARB). In so doing, Fiat specifically complies with CARB regulations, as required, to sell a vehicle with an internal combustion engine in California. Further, Fiat engages in promotional activities in California and provides parts to auto supply stores and repair shops nationwide, including California.

25

26

27

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts giving rise to the claims alleged herein occurred within this District including Plaintiff's purchase of the vehicle and lifetime service contract and cancellation of

28

- 6 -

1
2

the lifetime limited powertrain warranty and lifetime service contract and, pursuant to 18 U.S.C. § 1965(a) because plaintiff resides in this district.

3
4

## DEFENDANTS' ASSUMPTION OF LIABILITIES
## DURING CHRYSLER'S BANKRUPTCY

5
6
7
8
9

29.     On April 30, 2009, Chrysler LLC and 24 of its domestic and indirect subsidiaries filed for protection under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  Chrysler LLC was a business name designation sometimes used by Old Carco LLC which was also a debtor in the Chrysler LLC bankruptcy.

10
11
12
13
14
15

30.     After the bankruptcy was filed, the Debtors entered into a "Master Transaction Agreement ("MTA") (Ex. D) agreeing to sell substantially all of their assets free and clear of all claims and liabilities, other than "Assumed Liabilities," to New Carco Acquisition LLC, later renamed Chrysler Group LLC and now known as Fiat Chrysler America US LLC aka Fiat US LLC.  The transaction closed on June 10, 2009.

16
17
18
19

31.     The "Assumed Liabilities" included "all Liabilities pursuant to product warranties (including extended services contracts . . .)," which Fiat was required to "timely perform and discharge in accordance with their respective terms."  (Ex. D, p. 17, § 2.08.)

20

## CLASS ACTION ALLEGATIONS

21
22
23
24

32.     Plaintiff brings this action, on behalf of himself, the general public, and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure.  The proposed Classes (the "Class") that Plaintiff seeks to represent is composed of and defined as:

25
26
27

a.     "All persons in the United States who, within the applicable statute of limitations, purchased a vehicle which included a lifetime limited powertrain warranty which Fiat terminated based

28

- 7 -

upon the owner's failure to obtain a vehicle inspection within the 5-year, 60-day period in the limited powertrain warranty."

b.  "All persons in the United States who, within the applicable statute of limitations, purchased a lifetime vehicle service contract which Fiat terminated based upon Fiat's termination of the owner's lifetime limited powertrain warranty."

c.  "All persons in the United States who, within the applicable statute of limitations, purchased a vehicle and/or a lifetime vehicle service contract to which Fiat applied a wear and tear exclusion" on covered parts.

d.  "All persons in California who within the applicable statute of limitations, purchased a vehicle which included a lifetime limited powertrain warranty which Fiat terminated based upon the purchaser's failure to obtain a vehicle inspection within the 5-year, 60-day period in the lifetime limited powertrain warranty."

e.  "All persons in California who, within the applicable statute of limitations, purchased a lifetime service contract which Fiat terminated based upon Fiat's termination of the owner's limited powertrain warranty."

f.  "All persons in California who, within the applicable statute of limitations, purchased a vehicle and/or lifetime vehicle service contract to which Fiat applied a wear and tear exclusion" on covered parts.

33.  Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, assigns, individuals bound by any prior settlement, and any judgment, justice, or judicial officer presiding over this matter.

- 8 -

1

2

3

4

34.    This action is brought as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

5

6

7

8

9

35.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time, Plaintiff is informed and believes the Class includes thousands of members.  Plaintiff alleges that the Class may be ascertained from the records maintained by Defendants.  (Rule 23(a)(1).)

10

11

12

13

14

36.    Common questions of fact and law exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

15

16

17

       a.    Whether Fiat is entitled to terminate lifetime powertrain warranties based on the failure to obtain a vehicle inspection within 60 days every 5 years;

18

19

20

       b.    Whether Fiat is entitled to terminate lifetime service contracts based on the termination of the lifetime limited powertrain warranty;

21

22

       c.    Whether Fiat is entitled to apply a wear and tear exclusion to covered parts;

23

       d.    Whether Fiat breached the powertrain warranty contract;

24

       e.    Whether Fiat breached the lifetime service contract;

25

26

27

       f.    Whether the 5-year, 60-day inspection requirement is unenforceable either standing alone or as presented in the written warranty;

28

- 9 -

g. Whether Fiat engaged in conduct actionable under the RICO statute;

h. Whether Plaintiff and Class Members are entitled to damages or restitution of money paid to repair vehicles which they would not have paid if Fiat had honored the lifetime limited powertrain warranties and/or lifetime service contracts;

i. Whether Plaintiff and Class Members are entitled to equitable, legal, injunctive, or monetary relief and, if so, in what amount;

j. Whether Plaintiff and Class Members are entitled to attorneys' fees and costs; and

k. Whether Plaintiff and Class Members are entitled to treble and/or punitive damages. (Rule 23(a)(2).)

37. Plaintiff's claims are typical of the claims of each class member. Plaintiff, like all other members of the class, is an original purchaser of a Chrysler vehicle which included a lifetime limited powertrain warranty which Fiat cancelled and Plaintiff, like other members of the class, purchased a lifetime service contract which Fiat cancelled or to which Fiat has applied or intends to apply a wear and tear exclusion.

38. Plaintiff will fairly and adequately represent the interests of the class members and has retained competent counsel experienced in class action litigation. There are no conflicts between the claims of Plaintiff and the class members.

39. A class action is superior to other methods of adjudication applicable to this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation required to address Fiat's conduct. Individualized litigation would also increase the delay and expense to all parties and to the court system associated with complex legal and factual issues and present a potential for inconsistent judgments. This class action also allows the assertion of claims which might otherwise go

- 10 -

1

2

unasserted because of the expense of bringing individual lawsuits and provides a fair and efficient method of adjudication.

3

## FIRST CLAIM FOR RELIEF

4

## BREACH OF CONTRACT

5

### (On behalf of a Nationwide Class or Alternatively a California Class)

6

7

40. Plaintiff hereby incorporates paragraphs 1-39 as if set forth in full herein.

8

9

*Count 1: Breach of Powertrain Warranty; Fiat's Termination of the Powertrain Warranty Contrary to the Owner's Manual.*

10

11

12

13

14

15

16

17

18

41. The powertrain warranty tells the vehicle owner that "[i]t's your responsibility to properly maintain and operate your new vehicle. Follow the instructions contained in the General and Scheduled Maintenance Service guidelines in your Owner's Manual." (Ex. A, p. 46.) In turn, the owner's manual includes a chart which lists required maintenance and inspections and there is no five-year inspection requirement in the owner's manual. The only five-year requirement in the owner's manual is a "maintenance item" to change the automatic transmission fluid or transfer case fluid "if using your vehicle for police, taxi, fleet, off-road, or frequent trailer towing." (Ex. C, pp. 456-457.)

19

20

21

22

42. Fiat cannot tell the owner in the powertrain warranty to "[f]ollow the instructions contained in the . . . Owner's Manual" and, when the owner follows the instructions in the Owner's Manual, cancel the powertrain warranty because the owner failed to follow the instructions in the warranty.

23

24

25

26

27

28

43. The Owner's Manual also tells the owner that "[t]he pages that follow contain the required maintenance services *determined by the engineers who designed your vehicle* (Ex. C, p. 402, italics added) and the only 5-year maintenance requirement in the "pages that follow" is to change the fluid in the transmission or transfer case "if using your vehicle for police, taxi, fleet, off-road or frequent trailer towing." (Ex. C, pp. 456-457.)

- 11 -

44.    Fiat is, therefore, cancelling warranties based on an inspection requirement which Chrysler's engineers determined was unnecessary for the "property maintenance and operation of the vehicle," and was, therefore, not included as an instruction in the owner's manual.

*Count 2: Breach of the Service Contract.*

45.    With respect to the second step of Fiat's policy - the automatic termination of service contracts based on the termination of the powertrain warranty - the powertrain warranty and service contract do not contain any language authorizing the termination of the service contract. Exactly the opposite:

> a.    The service contract titled **"LIFETIME MAXIMUM CARE"** does not contain any provision permitting the termination of the service contract upon termination of the powertrain warranty. To the contrary, the service contract states that "[t]his plan is a service contract between you and us. This Plan is not part of the vehicles' factory warranty. In addition to your service contract, your vehicle is also covered by your factory warranty and Lifetime Powertrain Warranty. For warranty coverage details, please refer to your warranty information booklet. THIS PLAN DOES NOT COVER ANY REPAIR WHICH IS COVERED BY THE VEHICLE'S FACTORY WARRANTY AND LIFETIME POWER WARRANTY." (Ex. B, p. 1, capitalization original.)
>
> b.    Section 8 of the powertrain warranty, titled "Optional Service Contract," also provides that the warranties and services contracts are not connected. It states:
>
>> "Chrysler Motors LLC's or Chrysler Service Contract Company LLC's optional service contracts offer valuable protection against repair costs when these warranties [factory and powertrain] don't

- 12 -

1
2
3
4

> apply.   They complement but don't replace the
> warranty coverages outlined in this booklet.  Several
> plans are available, covering various time-and-
> mileage periods and various sets of components."

5

(Ex. A, p. 45.)

6

7

8

9

46.    Because the lifetime powertrain warranty and service contracts are uniform and mutually exclusive by their own terms, Fiat has uniformly breached every service contract nationwide by automatically terminating its service contracts upon termination of the powertrain warranty.

10

11

*Count 3: Fiat's Breach of the Service Contract Based on Fiat's Implementation of a Non-Existent Wear and Tear Exclusion.*

12

13

14

15

16

17

18

47.    With respect to the third step of Fiat's policy to eliminate repairs when the powertrain warranty or service contract cannot be terminated, Fiat has implemented a wear and tear exclusion to covered parts even though there is no wear and tear exclusion in the warranty or service contract. (Exs. A and B.)  Nor could there be such an exclusion because if a wear and tear exclusion for parts existed, the promise of repair and replacement of parts for the lifetime of the vehicle would be meaningless.

19

20

*Count 4: The 5-Year, 60-Day Inspection Requirement is, Alternatively, inconspicuous, unclear or unconscionable.*

21

22

23

24

25

26

27

28

48.    The vehicle warranty contains 48 pages.  The first page is a chart listing the length or mileage of each warranty with one exception:  the "Powertrain Limited Warranty" which, unlike the other listed warranties, is listed under a column entitled "Lifetime."  (Ex. A, p. 1.)  Nothing in the chart alerts the vehicle owner to a five-year, 60-day inspection requirement or the termination of the lifetime warranty if the vehicle is not inspected within the 5-year, 60-day window.  After the chart, the warranty is divided into sections and subsections which are described by headings and subheadings.

- 13 -

49.     Section 2 of the warranty describes **"WHAT'S COVERED UNDER CHRYSLER MOTORS LLC'S WARRANTIES"** (Ex. A, p. 5) and subsection 2.4 of section 2 describes the **"Lifetime Powertrain Limited Warranty"** in eight subparagraphs titled: **"Who is Covered?", "What's Covered," "When it Begins," "Excluded Vehicles," "Parts Covered," "When Lifetime Powertrain Limited Warranty Does Not Apply," "Inspections"** and **"Other Provisions of This Powertrain Limited Warranty."** (Ex. A, pp. 10-13, capitalization and bold original.)

50.     Nowhere in subsection 2.4 or elsewhere in the powertrain warranty is the purchaser informed by a heading, italics, capitalization, type size or placement that the powertrain warranty will be terminated if the purchaser fails to have the vehicle inspected within 60 days of each 5-year anniversary. Just the opposite. Section 2 describes, **"WHAT'S COVERED UNDER CHRYSLER MOTOR'S LLC'S WARRANTIES,"** (underlining added) and subheading "G" of Section 2.4 titled, **"Inspections"** (Ex. A, p. 12) informs the purchaser that inspections are part of **"WHAT'S COVERED"** under the powertrain warranty thereby warranting that the powertrain warranty covers parts, labor and inspections. Neither the **"WHAT'S COVERED"** heading nor the **"Inspections"** subheading inform the purchaser that the lifetime warranty is terminated if the purchaser fails to obtain an inspection within a 60-day window every five years. Just the opposite. The **"WHAT'S COVERED"** heading and **"Inspections"** subheading inform the purchaser of an additional benefit **("Inspections"),** not the termination of an existing benefit. Because inspections are covered in the "What's Covered" section of the powertrain warranty, the vehicle owner has no reason to read further to determine if the **"Inspections"** benefit is, in reality, a termination provision.

51.     The warranty also includes a section titled **"WHAT'S NOT COVERED"** (Ex. A, pp. 17-22, capitalization and bold original) and nowhere within the **WHAT'S NOT COVERED** section (underlining added) is the vehicle

- 14 -

1
2
3
4
5

owner informed that their warranty will be cancelled if they fail to have the vehicle inspected within the 5-year, 60-day window. Just the opposite. The only subheading in the **WHAT'S NOT COVERED** section is titled **"Restricted Warranty"** but this subheading which describes the various reasons for termination of the warranty does not mention failure to inspect. The subheading states only that:

6
7
8
9
10
11
12
13

> "Your warranties can also be restricted by Chrysler. Chrysler may restrict the warranty on your vehicle if the vehicle is not properly maintained, or if the vehicle is abused or neglected, and the abuse or neglect interferes with the property functioning of the vehicle. If the warranty is restricted, coverage may be denied or subject to approval by Chrysler before covered repairs are performed."

14

(Ex. A, p. 22.)

15

*Damages Based on Fiat's Breaches.*

16
17
18
19
20

52.    By eliminating the warranties and service contracts, Fiat eliminates all lifetime labor costs and transfers the labor costs to owners who were promised free lifetime labor. This transfer results in damages to the vehicle owners and a windfall to Fiat because Fiat is no longer paying the labor costs it agreed to pay as part of Fiat's purchase of Chrysler's assets.

21
22
23
24
25

53.    Fiat's elimination of free lifetime parts also results in a windfall to Fiat and damages vehicle owners. By terminating the warranties and service contracts which provide free lifetime parts, Fiat eliminates inventory losses and charges vehicle owners for parts it was required to provide for free as part of Fiat's purchase of Chrysler's assets.

26
27
28

54.    In some cases, the cost of paying for labor and parts for older vehicles with significant mileage is prohibitive without a warranty or service contract and the vehicle owner is forced to replace the vehicle which, in turn, eliminates Fiat's liability

- 15 -

1  entirely because the warranties and service contracts apply only to the original owner.

2  This results in another windfall to Fiat and significant damages to vehicle owners

3  because with the warranty and/or service contract, vehicle owners with older vehicles

4  have the functional equivalent of a new vehicle for the lifetime of the vehicle because

5  every major component is repaired or replaced for free so long as they own the

6  vehicle.

7      55.    As each day goes by and Fiat continues to breach the performance of its

8  "Assumed Liabilities" pursuant to the asset sale approved by the bankruptcy court,

9  Fiat eliminates losses, increases profits and in some cases forces vehicle owners to

10 sell a vehicle which would, functionally, last a lifetime.

11                    **SECOND CLAIM FOR RELIEF**

12                    **BREACH OF WARRANTIES**

13  **(On behalf of a Nationwide Class, or Alternatively, a California Class)**

14      56.    Plaintiff hereby incorporates Paragraphs 1-39 as if set forth in full

15  herein.

16      57.    The Lifetime Powertrain Warranty is an affirmation of fact or promise

17  that so long as the purchaser owns the vehicle subject to the warranty, Fiat will repair

18  or replace all powertrain components listed in the warranty for the lifetime of the

19  vehicle.

20      58.    The Lifetime Service Contract is an affirmation of fact or promise that

21  so long as the purchaser owns the vehicle subject to the service contract, Fiat will

22  repair or replace all components and parts listed in the service contract for the lifetime

23  of the vehicle.

24      59.    The Lifetime Powertrain Warranty was part of the basis of the bargain

25  on every vehicle sold from 2006 to 2009 as the warranty was included with every

26  vehicle purchase at no additional cost to the purchaser.

27

28

- 16 -

1

2

3

60.     The Lifetime Service Contracts purchased by vehicle owners were part of the basis of the bargain on every vehicle sold for which a service contract was purchased at an additional cost by the purchaser.

4

5

6

7

61.     Fiat has breached the Lifetime Powertrain Warranty as alleged in Paragraphs 41-44 and 48-51 of Plaintiff's First Claim for Relief and Plaintiff has been damaged by the breach as alleged in Paragraphs 52-54 of Plaintiff's First Claim for Relief which are incorporated by this reference.

8

9

10

11

62.     Fiat has breached the Lifetime Service Contract as alleged in Paragraphs 45 and 46 of Plaintiff's First Claim for Relief and Plaintiff has been damaged by the breach as alleged in Paragraphs 52-54 of Plaintiff's First Claim for Relief which are incorporated by this reference.

12

13

14

## THIRD CLAIM FOR RELIEF
## CIVIL RICO: 18 U.S.C. § 1962(c)
### (On behalf of a Nationwide Class, or Alternatively, a California Class)

15

16

63.     Plaintiff hereby incorporates Paragraphs 1-43 as if set forth in full herein.

17

64.     Defendant Fiat is a person as that term is defined in 18 U.S.C. § 1961(3).

18

19

65.     During the Class Period, Fiat conducted the affairs of an Enterprise through a pattern of racketeering activity as follows:

20

*The Enterprise*

21

22

23

24

66.     The Enterprise is an association-in-fact comprised of Fiat and thousands of dealerships nationwide including Glenn Thomas Chrysler Dealership (GTC) which sold to plaintiff the vehicle which included the lifetime powertrain warranty and the Chrysler service contract.

25

26

67.     GTC is a California corporation and as such has an existence separate and distinct from Fiat and the enterprise.

27

28

68.     Fiat is an LLC registered in Delaware and has an existence separate and distinct from its dealerships and the enterprise.

- 17 -

1
2
3
4
5
6

69.     The separate and distinct existence between Fiat and its dealerships also exists by virtue of the fact that Fiat does not own its nationwide dealerships which, like GTC, are separate business entities and Fiat and its dealerships engage in numerous separate but symbiotic business functions. Fiat designs, manufactures, advertises, and sells automobiles to its dealerships and the dealerships, in turn, market and sell the vehicles to the general public.

7
8
9
10
11
12

70.     Fiat and its dealerships thereby function as an ongoing organization and continuing unit for the common purpose of manufacturing and selling automobiles on a mass scale to the general public and they have done so for approximately ten years or more after Fiat purchased Chrysler out of bankruptcy. The nationwide activities of Fiat and its dealerships including the interstate sale and transportation of vehicles have an effect upon interstate commerce.

13

*The Scheme and Artifice to Defraud (Pattern of Wire Fraud)*

14
15
16
17

71.     The enterprise, as alleged herein, has also engaged in a pattern of racketeering activity to eliminate lifetime powertrain warranties and lifetime service contracts issued by Chrysler which Fiat agreed to honor when Fiat purchased Chrysler during Chrysler's bankruptcy.

18
19
20

72.     The scheme and artifice to defraud the class members was designed by Fiat and, at Fiat's instruction, was implemented by Fiat dealerships and Fiat's customer service representatives after the bankruptcy sale closed on June 10, 2009.

21
22
23

73.     The scheme and artifice to defraud is comprised of a pattern of racketeering activity intended to deceive class members based on of the following material predicate acts:

24
25
26
27
28

        a.     First, Fiat designed and implemented a corporate policy to cancel the lifetime powertrain warranties by asserting their cancellation based on the vehicle owners' failure to have their vehicle inspected every five years within a 60-day window as set forth in the powertrain warranty. Fiat then instructed its dealerships and

- 18 -

Fiat's customer service employees to represent to vehicle owners that their powertrain warranties were cancelled based on the owner's failure to have the vehicle inspected while, simultaneously, concealing Fiat's knowledge that the powertrain warranty could not be cancelled based on the 5-year inspection provision because the warranty instructs the vehicle owners to follow the owner's manual to maintain their warranty and the owner's manual does not require a five-year inspection.

b.     Second, Fiat designed and implemented a second scheme whereby Fiat eliminated service contracts, instructing its dealerships and customer service representatives to inform vehicle owners that their service contract had been cancelled based on the cancellation of their powertrain warranty which constituted a misrepresentation of the true facts (the service contract does not include a cancellation provision based on the cancellation of the powertrain warranty) coupled with the concealment of Fiat's knowledge of the true facts that the service contract and warranty state that they are mutually exclusive.

c.     Third, if Fiat cannot cancel the powertrain warranty and service contracts, Fiat instructs its dealerships to inform their customers that repairs are not covered because the repairs are caused by wear and tear. This representation is false and Fiat knows it is false because the warranty and service contract exist for the lifetime of the vehicle and there is no wear and tear exclusion in either the warranty or the service contract.

74.     Plaintiff was subjected to the scheme and artifice to defraud in July of 2020 when plaintiff was told by the service manager of GTC, Tom Bonnstetter, that his powertrain warranty had been cancelled because his vehicle had not been

1

2

inspected at the five-year interval and his service contract had been cancelled because his powertrain warranty had been cancelled.

3

4

5

6

7

8

9

10

11

75.    The cancellation was confirmed when plaintiff, a California resident, contacted Fiat's customer service department in Michigan by telephone on or about September 24, 2020, and in furtherance of Fiat's scheme, was informed by the customer service representative that his warranty and service contract had been cancelled based on his failure to obtain the 5-year inspection in the powertrain warranty and concealing from Plaintiff and other vehicle owners the fact that warranty instructs vehicle owners to follow the owner's manual and the owner's manual does not include any 5-year inspection requirement in accordance with the determination of Chrysler's engineers.

12

13

14

15

16

17

18

76.    On Plaintiff's behalf on more than one occasion, GTC requested Fiat to honor Plaintiff's warranty and/or service contract and Fiat refused the request based on Fiat's corporate policies as described herein.  Fiat's policies are uniform, continuing and open-ended as confirmed by Fiat's actions and Plaintiff's communications with GTC and Fiat's customer service representative.  (*E.g.*, *Grundy v. FCA US LLC* 2020 WL 7353515 (E.D. Mich. 2020) [Plaintiffs in 22 states challenging cancellation of powertrain warranty; Ex. E].)

19

*Damages*

20

21

22

23

24

77.    Plaintiff was injured as a result of the scheme and artifice to defraud when he was informed that his warranty and service contract had been cancelled and he was required to pay $852.41 on July 14, 2020 to repair his vehicle's air conditioner and $1,922.24 on October 16, 2020 to repair his vehicle's transmission which would otherwise have been repaired at no cost other than a $100 deductible.

25

/ / /

26

/ / /

27

/ / /

28

/ / /

- 20 -

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### (California Business & Professions Code §§ 17200, *et seq.*)

### (On behalf of the California Class)

78.     Plaintiff incorporates by reference Paragraphs 1-77 as if set forth in full herein.

79.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* defines unfair business competition to include any "unfair," "deceptive," "unlawful," or "untrue" business act or practice.

80.     Fiat's deceptive, unfair, and unlawful business acts and practices, as described in this Complaint, include, without limitation, the following:

      a.    Terminating Lifetime Powertrain Warranties based on the purchaser's failure to have the vehicle inspected every five years within a 60-day window contrary to the instructions in the owner's manual as determined by Chrysler's engineers for the proper maintenance and operation of the vehicle.

      b.    Terminating Lifetime Service Contracts based on the termination of the Lifetime Powertrain Warranty even though neither the warranty nor the contract provide for termination on that basis.

      c.    Terminating the warranties and service contracts based on inconspicuous or non-existent requirements.

      d.    Violating the express promises and affirmations in the warranty and service contract.

      e.    Beaching the contractual provisions of the warranty and service contracts.

      f.    Violating 18 U.S.C. § 1962(c) of the RICO Act.

81.     Accordingly, Plaintiff and the Class members have suffered injury in fact, including lost money or property as a result of Fiat's conduct.

- 21 -

82.    Plaintiff seeks to enjoin further unlawful and/or unfair practices by Fiat under California Business and Professions Code §§ 17200 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying that the action may be maintained as a Class Action as defined herein and appointing Plaintiff and his counsel of record to represent the defined Class;

2.    For a preliminary injunction requiring Fiat to reinstate all lifetime powertrain warranties and lifetime service contracts and to comply with their requirements and notify all vehicle owners that their warranties and service contracts will be honored while this action is pending;

3.    For a permanent injunction requiring Fiat to reinstate all lifetime powertrain warranties and lifetime service contracts and to comply with their requirements and notify all vehicle owners that their warranties and service contracts will be honored pursuant to their terms and conditions;

4.    For restitution and disgorgement of profits;

5.    For damages including treble and/or punitive damages;

6.    For reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5, and other statutes as may be applicable;

7.    For prejudgment interest to the extent allowed by law;

8.    For costs of suit incurred herein; and

9.    For such other and further relief as the Court deems appropriate.

Dated:  April  16 2021                    CARROLL, KELLY, TROTTER & FRANZEN

By:    */s/Michael J. Trotter*
Michael J. Trotter, Esq.
Attorneys for Plaintiff Donald Hall

- 22 -

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.


Dated:  April 16, 2021      CARROLL, KELLY, TROTTER & FRANZEN


By: _/s/Michael J. Trotter_
Michael J. Trotter, Esq.
Attorneys for Plaintiff Donald Hall