1   CARROLL, KELLY, TROTTER & FRANZEN
    MICHAEL J. TROTTER (SBN 139034)
2   STEVEN WYSOCKY (SBN 271257)
    111 W. Ocean Blvd., 14th Fl.
3   P.O. Box 22636
    Long Beach, CA  90801-5636
4   Phone: (562) 432-5855
    mjtrotter@cktfmlaw.com
5
    Attorneys for Plaintiff DONALD HALL, individually
6   and on behalf of the general public and all others
    similarly situated
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DONALD HALL, individually and          Case No.: 8:21-cv-00762-CJC-DFM
    on behalf of the general public and
12  all others similarly situated,         [Hon. Magistrate Douglas F.
                                           McCormick]
13                  Plaintiff,
                                           **PLAINTIFF'S SUPPLEMENTAL
14        v.                               BRIEF IN SUPPORT OF MOTION
                                           TO COMPEL FURTHER
15  FIAT CHRYSLER AMERICA US               RESPONSES TO PRODUCTION OF
    LLC aka FCA US LLC, formerly           DOCUMENTS BY FCA US LLC**
16  known as CHRYSLER GROUP
    LLC, and DOES 1-10, inclusive,
17                                         **DATE:** May 9, 2023
                    Defendants.            **TIME:** 10:00 a.m.
18                                         **COURTROOM:** 6B

19                                         Discovery Cutoff:      November 23, 2024
                                           Pretrial Conference:   March 25, 2024
20                                         Trial Date:            April 2, 2024

21

22

23       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND

24  THIS HONORABLE COURT:**

25       At the hearing in this matter, on May 9, 2023, the Court, Hon. Magistrate

26  Douglas F. McCormick, gave leave to Plaintiff DONALD HALL to submit a

27  supplemental brief, in support of Plaintiff's motions to compel. Most directly, this

28  supplemental brief pertains to the Motion to Compel Further Responses to Requests

for Production (Dkt. 62); the supplemental brief also pertains to the Motion to Compel Further Responses to Interrogatories (Dkt. 60) and Motion to Compel Further Responses to Requests for Admissions (Dkt. 64).

Submitted with this brief, as Exhibit A, is a true and correct copy of the "Plaintiff's Requests For Production Of Documents."

Respectfully Submitted,

Dated:  May 10, 2023                    CARROLL, KELLY, TROTTER & FRANZEN

                                        By:__ /s/ Steven J. Wysocky_____
                                              MICHAEL J. TROTTER
                                              STEVEN J. WYSOCKY
                                              Attorneys for Plaintiff Donald Hall

PLAINTIFF'S SUPP BRIEF RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# EXHIBIT A

1 | CARROLL, KELLY, TROTTER &
FRANZEN
2 | MICHAEL J. TROTTER (SBN 139034)
mjtrotter@cktfmlaw.com
3 | STEVEN WYSOCKY (SBN 271257)
111 W. Ocean Blvd., 14th Fl.
4 | P.O. Box 22636
Long Beach, CA  90801-5636
5 | Phone: (562) 432-5855

6 | Attorneys for Plaintiff DONALD HALL,
individually and on behalf of the general
7 | public and all others similarly situated

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | DONALD HALL, individually and
on behalf of the general public and
12 | all others similarly situated,

13 | Plaintiff,

14 | v.

15 | FIAT CHRYSLER AMERICA US
LLC aka FCA US LLC, formerly
16 | known as CHRYSLER GROUP
LLC, and DOES 1-10, inclusive,
17

Defendants.
18

Case No.: 8:21-cv-00762-CJC-DFM
Assigned to: Hon. Cormac J. Carney

**PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS**

19 | **PROPOUNDING PARTY**:     Plaintiff Donald Hall

20 | **RESPONDING PARTY**:     Defendant Fiat Chrysler America US LLC

21 | **SET NUMBER**:     One

22 |         Pursuant to Federal Rules of Civil Procedure, Plaintiff requests Defendant to

23 | produce the documents listed in this request.

24 |         **MANNER OF PRODUCTION**

25 |         The documents requested are to be produced as hard copies and Bates-stamped

26 | to correlate to each request.

27 | / / /

28

# DEFINITIONS

"DOCUMENT" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes, but is not limited to, agreements, contracts, letters, telegrams, inter-office communications, intra-office communications, memoranda, reports, records, instructions, notes, photocopies, charts, graphs, descriptions, drafts, whether or not they resulted in a final document, notations, underlining, markings, minutes of meetings, conferences, telephone or other conversations or communications, recordings, phone mail, electronic-mail and texts.

The term "DOCUMENT" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers (any such document is to be produced in a legible form) and information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems).

"RELATING TO" or "RELATE(S) TO" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, referring, alluding, or pertaining to, in whole or in part.

"FCA" means Fiat Chrysler America US LLC and its predecessors.

The terms "CANCEL," "CANCELLED," "CANCELLING" or "CANCELLATION" pertain to FCA's cancellation of Lifetime Service Contracts based on the failure to obtain a powertrain inspection pursuant to the Lifetime Powertrain Limited Warranty issued by Chrysler.

"IDENTIFY" means provide the person's name, date(s) of employment, job title(s), date(s) of job titles, job description(s), last known address, phone number and if the person was not an employee of FCA, the name and address of their employer or place of self-employment.

/ / /

- 2 -

1

**PRIVILEGED, DESTROYED OR LOST DOCUMENTS**

2

For any document withheld under a claim of privilege, identify the document

3

by author, addressee, date, number of pages, and subject matter; specify the nature

4

and basis of the claimed privilege and the paragraph of this demand for documents

5

to which the document is responsive; and identify each person to whom the document

6

or its contents, or any part thereof, has been disclosed.

7

For any document responsive to these document requests which is known to

8

have been destroyed or lost, or is otherwise unavailable, identify each such document

9

by author, addressee, date, number of pages, and subject matter; and explain in detail

10

the events leading to the destruction or loss, or the reason for the unavailability of

11

such document, including the location of such document when last in your

12

possession, custody, or control, and the date and manner of its disposition.

13

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

14

1.      All DOCUMENTS which RELATE TO FCA's CANCELLATION of

15

Lifetime Service Contracts sold in California which FCA assumed from Chrysler

16

including, without limitation:

17

a.      The number of Lifetime Service Contracts assumed;

18

b.      The number of Lifetime Service Contracts CANCELLED;

19

c.      When FCA began making payments for repairs covered by Lifetime

20

Service Contracts;

21

d.      The date(s) FCA began CANCELLING Lifetime Service Contracts;

22

e.      The amount of money paid by FCA for repairs covered by Lifetime

23

Service Contracts prior to CANCELLATION and the period of time during which

24

the payments were made;

25

f.      The amount of money saved as of May 27, 2022 from the

26

CANCELLATION of Lifetime Service Contracts;

27

g.      A copy or exemplar of the Lifetime Service Contract issued to Plaintiff.

28

h.      With respect to the eligibility and cancellation provisions of Lifetime Service Contracts, exemplars of all Lifetime Service Contracts which are different than the Lifetime Service Contract issued to Plaintiff;

i.      All DOCUMENTS including Customer Service manuals, guidelines and/or instructions provided to FCA representatives regarding the CANCELLATION of Lifetime Service Contracts;

j.      All DOCUMENTS which IDENTIFY the persons who originated, developed and implemented FCA's policy to cancel the Lifetime Service Contracts assumed by FCA;

k.      All DOCUMENTS which IDENTIFY the persons at FCA who participated in the analysis, discussion and approval of the CANCELLATION of Lifetime Service Contracts;

l.      All DOCUMENTS sent by FCA to FCA dealerships; and

m.      All DOCUMENTS received by FCA from FCA dealerships and/or Chrysler dealerships.

n.      All DOCUMENTS which RELATE TO FCA's analysis regarding the benefits RELATING TO the CANCELLATION of Lifetime Service Contracts;

o.      All DOCUMENTS which identify all persons who purchased a Lifetime Service Contract which has been CANCELLED including, without limitation, their name, address(es), phone number(s), service contract number, year, make and model of vehicle and Vehicle Identification Number.

p.      All DOCUMENTS which RELATE TO whether, after the disposition issued by the United States Court of Appeals for the Ninth Circuit in this action on May 27, 2022, FCA has continued its policy of CANCELLING Lifetime Service Contracts and the reasons for the continuation.

q.      All DOCUMENTS which RELATE to the identification and determination of repairs covered by Lifetime Service Contracts, including, without limitation, coding and computerized programs.

- 4 -

2.      All DOCUMENTS which RELATE TO FCA's CANCELLATION of Lifetime Service Contracts sold Nationwide which FCA assumed from Chrysler including, without limitation:

a.      The number of Lifetime Service Contracts assumed;

b.      The number of Lifetime Service Contracts CANCELLED;

c.      When FCA began making payments for repairs covered by Lifetime Service Contracts;

d.      The date(s) FCA began CANCELLING Lifetime Service Contracts;

e.      The amount of money paid by FCA for repairs covered by Lifetime Service Contracts prior to CANCELLATION and the period of time during which the payments were made;

f.      The amount of money saved as of May 27, 2022 from the CANCELLATION of Lifetime Service Contracts;

g.      A copy or exemplar of the Lifetime Service Contract issued to Plaintiff.

h.      With respect to the eligibility and cancellation provisions of Lifetime Service Contracts, exemplars of all Lifetime Service Contracts which are different than the Lifetime Service Contract issued to Plaintiff;

i.      All DOCUMENTS including Customer Service manuals, guidelines and/or instructions provided to FCA representatives regarding the CANCELLATION of Lifetime Service Contracts;

j.      All DOCUMENTS which IDENTIFY the persons who originated, developed and implemented FCA's policy to cancel the Lifetime Service Contracts assumed by FCA;

k.      All DOCUMENTS which IDENTIFY the persons at FCA who participated in the analysis, discussion and approval of the CANCELLATION of Lifetime Service Contracts;

l.      All DOCUMENTS sent by FCA to FCA dealerships; and

- 5 -

m.     All DOCUMENTS received by FCA from FCA dealerships and/or Chrysler dealerships.

n.     All DOCUMENTS which RELATE TO FCA's analysis regarding the benefits RELATING TO the CANCELLATION of Lifetime Service Contracts;

o.     All DOCUMENTS which identify all persons who purchased a Lifetime Service Contract which has been CANCELLED including, without limitation, their name, address(es), phone number(s), service contract number, year, make and model of vehicle and Vehicle Identification Number.

p.     All DOCUMENTS which RELATE TO whether, after the disposition issued by the United States Court of Appeals for the Ninth Circuit in this action on May 27, 2022, FCA has continued its policy of CANCELLING Lifetime Service Contracts and the reasons for the continuation.

q.     All DOCUMENTS which RELATE to the identification and determination of repairs covered by Lifetime Service Contracts, including, without limitation, coding and computerized programs.

3.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 1, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 1.

4.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 2, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 2.

5.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 3, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 3.

6.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 4, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 4.

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

7.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 5, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 5.

8.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 6, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 1.

9.     If FCA denied or did not respond 6ith an unqualified admission to Request for Admission No. 7, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 7.

10.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 8, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 8.

11.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 9, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 9.

12.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 10, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 10.

13.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 11, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 11.

14.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 12, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 12.

15.     If FCA denied or did not respond with an unqualified admission to Request for Admission No. 13, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 13.

- 7 -

16.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 14, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 14.

17.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 15, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 15.

18.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 16, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 16.

19.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 17, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 17.

20.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 18, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 18.

21.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 19, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 19.

22.   If FCA denied or did not respond with an unqualified admission to Request for Admission No. 20, all DOCUMENTS which support FCA's denial or qualified admission to Request for Admission No. 20.

23.   All DOCUMENTS which support FCA's response to paragraph 1 of the First Amended Class Action Complaint.

24.   All DOCUMENTS which support FCA's response to paragraph 2 of the First Amended Class Action Complaint.

25.   All DOCUMENTS which support FCA's response to paragraph 3 of the First Amended Class Action Complaint.

- 8 -

26.     All DOCUMENTS which support FCA's response to paragraph 4 of the First Amended Class Action Complaint.

27.     All DOCUMENTS which support FCA's response to paragraph 5 of the First Amended Class Action Complaint.

28.     All DOCUMENTS which support FCA's response to paragraph 6 of the First Amended Class Action Complaint.

29.     All DOCUMENTS which support FCA's response to paragraph 7 of the First Amended Class Action Complaint.

30.     All DOCUMENTS which support FCA's response to paragraph 8 of the First Amended Class Action Complaint.

31.     All DOCUMENTS which support FCA's response to paragraph 9 of the First Amended Class Action Complaint.

32.     All DOCUMENTS which support FCA's response to paragraph 10 of the First Amended Class Action Complaint.

33.     All DOCUMENTS which support FCA's response to paragraph 11 of the First Amended Class Action Complaint.

34.     All DOCUMENTS which support FCA's response to paragraph 12 of the First Amended Class Action Complaint.

35.     All DOCUMENTS which support FCA's response to paragraph 13 of the First Amended Class Action Complaint.

36.     All DOCUMENTS which support FCA's response to paragraph 26 of the First Amended Class Action Complaint.

37.     All DOCUMENTS which support FCA's response to paragraph 27 of the First Amended Class Action Complaint.

38.     All DOCUMENTS which support FCA's response to paragraph 28 of the First Amended Class Action Complaint.

39.     All DOCUMENTS which support FCA's response to paragraph 29 of the First Amended Class Action Complaint.

40.     All DOCUMENTS which support FCA's response to paragraph 30 of the First Amended Class Action Complaint.

41.     All DOCUMENTS which support FCA's response to paragraph 31 of the First Amended Class Action Complaint.

42.     All DOCUMENTS which support FCA's response to paragraph 32 of the First Amended Class Action Complaint.

43.     All DOCUMENTS which support FCA's response to paragraph 33 of the First Amended Class Action Complaint.

44.     All DOCUMENTS which support FCA's response to paragraph 34 of the First Amended Class Action Complaint.

45.     All DOCUMENTS which support FCA's response to paragraph 35 of the First Amended Class Action Complaint.

46.     All DOCUMENTS which support FCA's response to paragraph 36 of the First Amended Class Action Complaint.

47.     All DOCUMENTS which support FCA's response to paragraph 38 of the First Amended Class Action Complaint.

48.     All DOCUMENTS which support FCA's response to paragraph 39 of the First Amended Class Action Complaint.

49.     All DOCUMENTS which support FCA's response to paragraph 40 of the First Amended Class Action Complaint.

50.     All DOCUMENTS which support FCA's response to paragraph 41 of the First Amended Class Action Complaint.

51.     All DOCUMENTS which support FCA's Third Affirmative Defense.

52.     All DOCUMENTS which support FCA's Fourth Affirmative Defense.

53.     All DOCUMENTS which support FCA's Fifth Affirmative Defense.

54.     All DOCUMENTS which support FCA's Sixth Affirmative Defense.

55.     All DOCUMENTS which support FCA's Seventh Affirmative Defense.

56.     All DOCUMENTS which support FCA's Eighth Affirmative Defense.

57.     All DOCUMENTS which support FCA's Ninth Affirmative Defense.

58.     All DOCUMENTS which support FCA's Tenth Affirmative Defense.

59.     All DOCUMENTS which support FCA's Eleventh Affirmative Defense.

60.     All DOCUMENTS which support FCA's Twelfth Affirmative Defense.

61.     All DOCUMENTS which support FCA's Thirteenth Affirmative Defense.

62.     All DOCUMENTS which support FCA's Fourteenth Affirmative Defense.

63.     All DOCUMENTS which support FCA's Fifteenth Affirmative Defense.

64.     All DOCUMENTS which support FCA's Sixteenth Affirmative Defense.

65.     All DOCUMENTS which support FCA's Seventeenth Affirmative Defense.

66.     All DOCUMENTS which support FCA's Eighteenth Affirmative Defense.

67.     All DOCUMENTS which support FCA's Twentieth Affirmative Defense.

68.     All DOCUMENTS which support FCA's Twenty-Second Affirmative Defense.

69.     All DOCUMENTS which support FCA's Twenty-Third Affirmative Defense.

70.     All DOCUMENTS which support FCA's Twenty-Fourth Affirmative Defense.

71.     All DOCUMENTS which support FCA's Twenty-Fifth Affirmative Defense.

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

72. All DOCUMENTS which support FCA's Twenty-Sixth Affirmative Defense.

73. All DOCUMENTS which support FCA's Twenty-Seventh Affirmative Defense.

Dated:  December 2, 2022        CARROLL, KELLY, TROTTER & FRANZEN

By: _____
       Steven J. Wysocky, Esq.
       Attorneys for Plaintiff Donald Hall

- 12 -

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On December 2, 2022, I served a true copy of **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS** by delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(B); by:

5

6

7

8

| Alexander M. Carnevale, Esq. | Stephen A. D'Aunoy, Esq. |
|---|---|
| **THOMPSON COBURN LLP** | **Scott H. Morgan, Esq.** |
| **10100 Santa Monica Blvd., Suite 500** | **THOMPSON COBURN LLP** |
| **Los Angeles, California 90067** | **One US Bank Plaza** |
| **Tel: (310) 282-2500 / Fax: (310) 282-2501** | **St. Louis, Missouri 63101** |

9

10

11

12

(X)   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, 14th Floor, Long Beach, California.

13

14

15

16

17

     Executed on December 2, 2022, at Long Beach, California.

18

19

                              _____

                      KATHERINE MAGUIRE

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on May 10, 2023, I electronically filed the foregoing
document using the CM/ECF system which will send notification of such filing to
4    the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic
Mail Notice List.
5

6

7    _____
     Farida Baig
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1            PLAINTIFF'S SUPP BRIEF RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS